UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS LITTLE,

    Defendant.
    _____/

Case No. 13-20278
Hon. Patrick J. Duggan

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

Defendant Marcus Little was charged by First Superseding Indictment with one count of Endeavoring to Influence a Juror, in violation of 18 U.S.C. § 1503 (Count I), and three counts of False Statement, in violation of 18 U.S.C. § 1001 (Counts II-IV), on June 5, 2013. (ECF No. 17.) After hearing the evidence presented at trial, a unanimous jury convicted Defendant of Endeavoring to Influence a Juror (Count I) and one count of False Statement (Count II); the jury entered a not guilty verdict as to the other two False Statement counts (Counts III and IV). (ECF No. 45.) On October 7, 2013, Defendant filed a motion for judgment of acquittal or, in the alternative, for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. (ECF No. 47.) The Government responded to Defendant's motion and Defendant declined to reply thereto. Having

determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to the Court's Local Rules. E.D. Mich. L. Cr. R. 12.1; E.D. Mich. L. R. 7.1(f)(2). For the reasons stated herein, the Court denies Defendant's motion.

## I. BACKGROUND

The events giving rise to underlying four-count indictment stem from the May-June 2011 trial of *United States v. Wiese*, a federal criminal trial in the Eastern District of Michigan's Ann Arbor courthouse. In late May, a man visited the home of Ms. Vernelle Gardner, one of the empaneled jurors in the Wiese case, in effort to discuss the trial with her. This man identified himself as "Miles."

Between the time of the incident and Defendant's trial, at which Ms. Gardner testified, Ms. Gardner gave various accounts of what "Miles" said when he appeared on her doorstep. Almost immediately after the man departed, Ms. Gardner reported the incident to the Ypsilanti Police Department. In that report, Ms. Gardner told the investigating officer that the man said he had something to tell her. The following day, Ms. Gardner reported the incident to court security officers in the Ann Arbor courthouse. In that report, she told the officer that the man said, "the government is trying to steer you wrong." In a follow-up interview conducted by United States Marshals and the FBI several days later, Ms. Gardner told the agents that the man said that "he was there to explain something." Lastly,

in January 2013, the FBI interviewed Ms. Gardner once again. In this final interview, Ms. Gardner again reported that the man told her, "the government's trying to steer you wrong."

Federal agents were initially unable to identify the individual who approached Ms. Gardner. After scouring phone records, the FBI eventually turned their focus to a cell phone with a subscriber named Hannah Little, Defendant's daughter. In January 2013, FBI agents went to the address listed on Hannah Little's phone records; finding nobody at that address, they proceeded to Defendant's residence and interviewed him on January 17, 2013. During this interview, Defendant told the agents that the phone number they were inquiring about was his daughter's old number, Defendant denied knowing Wiese, and Defendant denied ever attending a criminal trial in Ann Arbor, Michigan. These statements formed the basis of the three False Statement counts with which Defendant was eventually charged.

A jury convicted Defendant on Counts I and II and acquitted Defendant on Counts III and IV on September 23, 2013. On October 7, 2013, Defendant filed the motion presently before the Court, asking that the Court enter a judgment of acquittal on Counts I and II, or alternatively, asking that the Court grant Defendant a new trial.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Standard

Federal Rule of Criminal Procedure 29 provides that a defendant may move for a judgment of acquittal within fourteen days of a guilty verdict and authorizes a reviewing court to set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c)(1)-(2). "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)) (emphasis in original). "Under the *Jackson v. Virginia* standard, a reviewing court does 'not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury.'" *Id.* (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). "'Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt.'" *Id.* (quoting *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004)).

### B. Application

#### 1. *Endeavoring to Influence a Juror (Count I)*

Defendant challenges his conviction for Endeavoring to Influence a Juror (Count I) on the basis that Ms. Gardner's "contradicting versions of the unknown

man's statements" could not sufficiently establish, beyond a reasonable doubt, that Defendant possessed the requisite state of mind to sustain a conviction pursuant to 18 U.S.C. § 1503.[1]  (Def.'s Br. 3.)  Specifically, Defendant argues that on various occasions, Ms. Gardner indicated that the man who visited her home during the Wiese trial said either "I've got something to tell you" or "the government's trying to steer you wrong."  (*Id.* at 1.)  According to Defendant, only the "steer" comment "arguably supports the intent element required by the statute."  (*Id.* at 3.)  Defendant believes that the varied accounts of what was said underscores the flimsy nature of the Government's evidence.  This Court, however, does not agree.

During trial, Ms. Gardner repeatedly testified that Defendant made the "steer" comment.  On cross-examination, Ms. Gardner acknowledged that her initial police report – made just minutes after Defendant departed – did not reference to the "steer" comment.  (9/19/2003 Tr. Transcript 39:24-40:4.)  In eliciting this information from Ms. Gardner, defense counsel succeeded in calling the jury's attention to this fact.  It is not the role of the Court to "reweigh the evidence[ or] re-evaluate the credibility of witnesses," *Fisher*, 648 F.3d at 450

---

[1] This statute provides, in pertinent part:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, . . . shall be punished as provided in subsection (b). . . .

18 U.S.C. § 1503(a).

(quotation omitted), and, as the Government argues, "[t]he jury's determination that [Ms. Gardner] was credible should not be vetoed" by the Court. (Gov't's Br. 7.) Viewing the evidence in the light most favorable to the Government, a rational juror could conclude that Defendant made the "steer" comment. Because the Court believes that a "rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt[,]" *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, Defendant is not entitled to a judgment of acquittal on Count I.

### 2.     *False Statement (Count II)*

Defendant's motion suggests that acquittal notwithstanding the jury's verdict is appropriate with respect to Count II because there was insufficient evidence to convict. (Def.'s Br. 2.) The most significant witness regarding the three false statement counts (Counts II-IV) was Special Agent Patrick Killeen, who testified that each of the allegedly false statements made by Defendant occurred during a January 17, 2013 interview at Defendant's residence. Agent Killeen testified that Defendant provided false information about the user of a cell phone with the number 248.812.6511 (Count II), about whether he knew Wiese (Count III), and about whether he had ever attended a federal trial in Ann Arbor, Michigan (Count IV). The jury found Defendant guilty only as to Count II. According to Defendant, "it makes no sense that that the jury would believe [Agent Killeen] on one topic but not all three." (*Id.* at 4.) This allegedly nonsensical result

6

demonstrates that "there was insufficient evidence to support the guilty verdict on Count Two." (*Id.*)

Defendant's entire insufficiency argument (for Count II) rests on the mistaken notion that inconsistent verdicts render those verdicts vulnerable to attack on insufficiency of the evidence grounds. (*Id.* at 2.) This argument is fundamentally flawed as the concepts of consistency and sufficiency are not inextricably bound. *United States v. Powell*, 469 U.S. 57, 67 105 S. Ct. 471, 478 (1984) (explaining that sufficiency of the evidence "review should not be confused with the problems caused by inconsistent verdicts[]").

As an initial matter, the fact that the jury both credited and discredited Agent Killeen's testimony does not, standing alone, call the consistency of the verdicts into question. Rather, because the focus of the false statement charges was what Defendant knowingly represented while being interviewed, "[t]he jury could have had a reasonable doubt that the defendant fully understood the questions by the agents or that he could have been distracted by something else[.]"[2] (Gov't's Br. 8.)

Further, *even if* the verdicts were somehow inconsistent, "'the Supreme Court has repeatedly held that a jury may announce logically inconsistent verdicts

---

[2] While Defendant does not make this argument directly, to the extent that he suggests that the acquittal on Counts III and IV are inconsistent with Count I (Endeavoring to Influence a Juror), the Government correctly notes that Counts III and IV "did not allege that [Defendant] did not know James Wiese or that [Defendant] had never been to a federal trial in Ann Arbor." (Gov't's Br. 8.) As such, the jury's resolution of these counts cannot be deemed inconsistent.

7

in a criminal case.'" *United States v. Lawrence*, 555 F.3d 254, 261 (6th Cir. 2009) (emphasis and alteration removed) (quoting *United States v. Clemmer*, 918 F.2d 570, 573 (6th Cir. 1990) (citing *Powell*, 469 U.S. 57, 105 S. Ct. 471 and *Dunn v. United States*, 284 U.S. 390, 52 S. Ct. 189 (1932))); *United States v. Silva*, 846 F.2d 352, 357-58 (6th Cir. 1988) ("[A] defendant may not upset a verdict solely because the verdict is not reconcilable with other verdicts rendered for or against the defendant."). Rooted in pragmatic considerations, this rule acknowledges that in cases resulting in inconsistent verdicts, "it is unclear whose ox has been gored because '[a] jury that inconsistently convicts the defendant of one offense and acquits him of another is as likely to have erred in acquitting him of the one as in convicting him of the other.'" *Lawrence*, 555 F.3d at 261-62 (quoting *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000)). "Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Id.* at 261 (citing *Powell*, 469 U.S. at 65, 105 S. Ct. at 477). A split verdict producing inconsistent results may also be the product of the jury's efforts to mitigate the impact of a finding of guilt on several charges or may simply be the result of compromise during deliberation. Juries are permitted "to acquit out of compassion or compromise or because of 'their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'"

*Standefer v. United States*, 447 U.S. 10, 22, 100 S. Ct. 1999, 2007 (1980) (quoting *Dunn*, 284 U.S. at 393, 52 S. Ct. at 190). "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." *Dunn*, 284 U.S. at 394, 52 S. Ct. at 191. "[A] criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Powell*, 469 U.S. at 67, 105 S. Ct. at 478.

Defendant's sole challenge to the sufficiency of the evidence for Count II rests on alleged inconsistencies and, as should be apparent from the discussion immediately above, this challenge is not well-taken. Courts are to regard "[e]ach count in an indictment . . . as if it was a separate indictment." *Dunn*, 284 U.S. at 393, 52 S. Ct. at 390. A review of Defendant's Motion and accompanying Brief in Support reveals that Defendant has presented no argument undermining the sufficiency of the evidence for Count II using this framework. Rather than focusing on the evidence to sustain a conviction on Count II, Defendant looks to the evidence adduced at trial and how the jury reacted to that evidence as it pertained to the other false statement counts.

Upon reviewing the evidence, the Court believes that Agent Killeen's trial testimony could have led a "rational finder of fact [to] have found the essential

9

elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Accordingly, Defendant is not entitled to a judgment of acquittal on Count II.

Having determined that Defendant is not entitled to a judgment of acquittal on either Count I or Count II, the Court denies Defendant's Rule 29 Motion.

### IV. MOTION FOR A NEW TRIAL

**A. Standard**

A motion for a new trial is governed by Federal Rule of Criminal Procedure 33. The Rule provides that the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the jury's verdict was against the manifest weight of the evidence.'" *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (quoting *United States v. Crumb*, 187 F. App'x 532, 536 (6th Cir. 2006)). "Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Graham*, 125 F. App'x 624, 628 (6th Cir. 2005) (quoting *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), aff'd, 633 F.2d 219 (6th Cir. 1980)). The district judge may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). "The defendant bears the burden of

10

proving the need for a new trial and such motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

**B.     Application**

Defendant's Motion contains three sentences under the heading "Request for New Trial" and only one of those may be fairly described as argument: "Defendant submits, that based upon the inconsistencies in testimony and the verdicts discussed previously[,] the interests of justice warrant a new trial." (Def.'s Br. 4.) This hardly satisfies the burden placed squarely upon Defendant's shoulders of demonstrating an entitlement to the relief sought. *Tuner*, 995 F.2d at 1364. The Court has already rejected Defendant's suggestion that the verdicts were somehow inconsistent. *See supra*. Furthermore, the Court does not believe that the inconsistencies in Ms. Gardner's testimony render the verdicts against the manifest weight of the evidence. This is not one of those "extraordinary circumstance[s] where the evidence preponderates heavily against the verdict." *Graham*, 125 F. App'x at 628 (internal quotation marks and citation omitted). Accordingly, the Court denies Defendant's Motion for a new trial.

## V.     CONCLUSION AND ORDER

For reasons set forth above, the Court finds that sufficient evidence was presented at trial for the jury to conclude that the Government satisfied its burden of proof with respect to each element of Counts I and II. The Court is also not

persuaded that the jury's verdict was against the manifest weight of the evidence such that the interests of justice require a new trial.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a judgment of acquittal, or in the alternative, for a new trial, is **DENIED**.


Dated: November 25, 2013                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
David C. Tholen
Robert P. Cares